MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Facsimile:   (510) 452-5510

Attorneys for Plaintiffs
JAIME REYES JR., MIRELLA REYES and
JAIME REYES SR.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES JR., Deceased, THROUGH HIS SUCCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually,<br><br>    Plaintiffs,<br>vs.<br><br>CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,<br><br>    Defendants. | No:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

   Plaintiffs, by and through their attorneys, HADDAD & SHERWIN for their Complaint against Defendants, state as follows:

COMPLAINT AND JURY DEMAND                            1

## JURISDICTION AND INTRADISTRICT ASSIGNMENT TO SAN JOSE

1.　This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and other wrongful acts, resulting in the death of Jaime Reyes, Jr., Deceased, on June 6, 2012, in the City of Fresno, Fresno County, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth, First, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.　 A substantial part of the events and/or omissions complained of herein occurred in the City of Fresno, Fresno County, California, and this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California, pursuant to Civil Local Rule 120(d).

## PARTIES AND PROCEDURE

3.　Plaintiff MIRELLA REYES is the mother of decedent, JAIME REYES, JR.  Plaintiff MIRELLA REYES brings these claims individually and as a Successor in Interest for her son, Jaime Reyes, Jr., Deceased, pursuant to C.C.P. §§ 377.60, 377.30, and federal civil rights law.  MIRELLA REYES is a resident of the State of California.

4.　Plaintiff JAIME REYES, SR.  is the father of decedent, JAIME REYES, JR.  Plaintiff JAIME REYES, SR. brings these claims individually and as Successor in Interest

for his son, Jaime Reyes, Jr., Deceased, pursuant to C.C.P. §§ 377.60, 377.30, and federal civil rights law.  JAIME REYES, SR. is a resident of the State of California.

5. Each Plaintiff herein brings these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions.  These claims are also brought individually and on behalf of Jaime Reyes, Jr., Deceased, on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

6. Defendant CITY OF FRESNO is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Fresno Police Department ("FPD") which employs other defendants in this action.

7. Defendant DOE Police Officers ("Doe Officers") at all material times were employed as a law enforcement officers by Defendant City of Fresno, and were acting within the course and scope of that employment.  Doe Defendant Police Officers are being sued in their individual capacities.

8. Defendant Chief of Police JERRY DYER ("Dyer") at all material times was employed as Chief of Police by Defendant City of Fresno, and was acting within the course and scope of that employment.  As Chief of Police, Defendant Dyer was a policy-making official for the City of Fresno with the power to make official and final policy for the Fresno Police Department.  Defendant Dyer is being sued in his individual and official capacities.

9. Despite Plaintiffs' multiple requests for records, Defendants have not provided Plaintiffs or their representatives with information concerning this shooting, including the names of the involved police officers, any police reports, records of any investigation or recordings of this incident.   Further, on information and belief, Defendants caused the Fresno County Coroner's Bureau to withhold coroner's records and reports,

including the autopsy report, from Plaintiffs and their representatives.  The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE defendant was an employee/agent of the City of Fresno, and at all material times acted within the course and scope of that relationship.

10. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

11. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

12. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Fresno Police Department.

13. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

14. Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

15. This complaint may be pled in the alternative pursuant to FRCivP 8(d)(2).

## GENERAL ALLEGATIONS

16. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

17. This Complaint concerns a tragic incident that began in the mid-afternoon in the City of Fresno around the residence at 4929 E. Burns Avenue. Four Fresno police officers, DOES 1-4, arrived at the home of Plaintiffs Mirella Reyes and Jaime Reyes, Sr (hereinafter, "Jaime Sr."). Two of these Defendant Doe Officers approached Mirella and asked regarding the whereabouts of Decedent, Jaime Reyes Jr. (hereinafter, "Jaime Jr."). Jaime Jr., who was neither present nor dwelling at 4929 E. Burns Avenue at that time, was suspected in the burglary of a neighbor's home. Mirella advised the Defendant Doe Officers that Jaime Jr. was not at her home and that Jaime Jr. was suffering from mental disturbance due to methamphetamine use.

18. Defendant DOE Officers 1-4 then left Mirella and Jaime Sr.'s home and, upon information and belief, began looking for Jaime Jr. in the neighborhood.

19. Two Defendant DOE Officers, DOES 1-2, upon information and belief, then made contact with Jaime Jr. who was approximately two blocks from his parents' home, walking along Church Ave. At the time, Jaime Jr. obviously was an emotionally disturbed and/or intoxicated person, requiring special police procedures and tactics. Jaime Jr. began to run away from the Defendant DOE Officers, who were approaching Jaime Jr. while inside their police cruiser, driving east on Church Ave.

20. As Jaime Jr. ran along the sidewalk across the street from the residence at 4769 Church Ave., Defendant DOE Officers 1-2 pulled their vehicle up next to him, and on information and belief, said something to Jaime, Jr., who continued to run away from them. Defendant DOE Officers 1-2 parked their vehicle and exited their car. At this time, each Doe Officer had his gun drawn and pointed at Jaime Jr. who was carrying nothing in his hands and was running with his back to the officers.

21. As Jaime Jr. continued to run east on Church Ave. and away from Defendant DOE Officers 1-2, Defendant Officers DOES 3-4 pulled onto Church Ave. from Chestnut Street and headed west, cutting Jaime Jr. off. Defendant DOES 3-4 then stopped their car and exited the vehicle with their guns drawn and pointed at Jaime Jr. Now surrounded, Jaime Jr. turned north, hopped the chain-link fence that ran along Church Ave., and ran into an empty football field from DOE Officers 1-4. As he ran, Jaime Jr.'s back was toward the officers and it should have been clear to all officers that he was carrying nothing in his hands.

22. Despite the fact that Jaime Jr. was running from Doe Officers 1-4 with his back to them and with nothing in his hands, Defendant DOE Officers 1-4, acting as a team without provocation or just cause, used excessive and unreasonable force against Jaime Jr. by firing a volley of gunshots at Jaime Jr., one of which, on information and belief, hit

Jaime Jr., who then fell face-down on the ground.  When Defendant DOE officers opened fire on Jaime Jr., there was a chain-link fence and a distance of, on information and belief, greater than 5 yards between the officers and Jaime Jr.  Jaime Jr. had not made any threatening gestures or statements, and had simply been running away from the officers with open hands.

23.     Several moments later, while Jaime Jr. lay motionless on the ground, was clearly unarmed, and represented no threat of injury or harm to Defendant DOE Officers or others, Defendant DOE Officers 1-4 again, without provocation or just cause, and acting as a team, used excessive and unreasonable force against Jaime Jr. and fired another volley of gunshots at Jaime Jr., at least one of which, on information and belief, struck Jaime Jr.

24.     When he was shot and laying on the ground, Jaime Jr. was an emotionally disturbed, and/or intoxicated person in need of urgent medical care and in the custody of Defendant DOE Officers 1-4.  Despite the life-threatening injuries Jaime Jr. had sustained, Defendant DOE Officers were deliberately indifferent to Jaime Jr.'s need for medical attention, did not provide Jaime Jr. with any medical assistance, but rather approached him to frisk and then handcuff him as he lay severely wounded on the ground.  Several minutes elapsed before Defendant DOE Officers took any steps to provide first aid for him.  Upon information and belief, 20 minutes went by before paramedics arrived to take Jaime Jr. to the hospital.  After having suffered extreme conscious pain and suffering, Jaime Jr. was pronounced dead after emergency open heart surgery failed to save his life.

25.     Defendant DOE Officers 1-4 failed to give any warning to Jaime Jr. before using deadly force, even though a warning would have been feasible and proper.

26.     At the time that Defendant DOE Officers 1-4 fired gunshots at Jaime Jr., Jaime Jr. did not pose a significant and immediate threat of death or serious physical injury

COMPLAINT AND JURY DEMAND                                                                                                    7

to Defendants or to anyone else.  The use of deadly force, including the gunshots described herein, was not justified or lawful under the circumstances.

27. Alternatively, or concurrently, Defendant DOE Officers 1-4's own excessive and unreasonable actions created a risk of harm to Jaime Jr., created the situation in which Defendant DOE Officers 1-4 decided to use deadly force, and caused an escalation of events leading to the shooting death of Jaime Reyes, Jr.

28. Defendant DOE Officers 1-4's conduct herein, including but not limited to their decision(s) to stop and seize Jaime Jr., the manner in which they conducted that stop and seizure, their use of deadly force, their failure to provide care for the serious medical needs of their prisoner, and their other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the wrongful death of Jaime Reyes, Jr.

29. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

30. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Jaime Reyes, Jr.;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    e. Violation of constitutional rights;

COMPLAINT AND JURY DEMAND    8

    f.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

    g.    Jaime Reyes, Jr.'s loss of life, pursuant to federal civil rights law; and

    h.    Jaime Reyes, Jr.'s conscious pain and suffering, pursuant to federal civil rights law.

## COUNT ONE
## -- 42 USC §1983 --
## ALL PLAINTIFFS AGAINST DEFENDANTS DOE OFFICERS 1-4 AND DOES 5-10

31.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

32.    By the actions and omissions described above, Defendants DOES 1-10 violated 42 USC §1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to U.S. Constitution:

    a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d.    The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e.    The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

33. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Jaime Reyes, Jr., Deceased) and others would be violated by their acts and/or omissions. Additionally, Defendants denied Jaime Reyes, Jr. prompt and necessary medical care with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

34. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 30, above.

35. The conduct of Defendants DOES 1-4 and DOES 5-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and Cal. Code of Civil Procedure § 377.20 et seq.

36. Plaintiffs are also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT TWO**
**- 42 USC §1983 –**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF FRESNO, CHIEF OF POLICE JERRY DYER, AND DOES 5-10**

37. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

38. The unconstitutional actions and/or omissions of Defendants DOES 1-4 and DOES 5-10, as well as other officers employed by or acting on behalf of Defendant City of Fresno, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the FPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City of Fresno and the FPD:

a. To use or tolerate the use of excessive and/or unjustified force;

b. To use or tolerate the use of unlawful deadly force;

c. To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed, mentally incapacitated, and/or intoxicated persons;

d. To fail to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

e. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, officer-involved shootings, law enforcement related deaths, unlawful seizures, and/or handling of emotionally disturbed and/or intoxicated persons;

   ii. by failing to promptly, independently, thoroughly, and properly investigate and address officer involved shootings and other law enforcement related deaths;

   iii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

   iv. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

Alternatively, Defendants City of Fresno, Chief Dyer, and Does 5-10 failed to have and enforce lawful and proper policies, procedures, and training programs, despite the clear

and obvious need for such, to prevent recurring and foreseeable violations of rights of the type described herein, and to prevent the unconstitutional customs, policies, and practices set forth above in this paragraph.

39. Defendants City of Fresno, Chief Dyer, and Does 5-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant DOE Officers 1-4 and DOE Defendants 5-10, and other FPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

40. The unconstitutional actions and/or omissions of Defendants DOES 1-10, and other FPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the FPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within City of Fresno and the FPD, and that such policy makers have direct knowledge of the fact that the Jaime Reyes, Jr. shooting was not justified, but rather represented an unconstitutional use of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within City of Fresno and the FPD have approved Defendant DOE Officers 1-4's shooting of Jaime Reyes, Jr., and have made a deliberate choice to endorse Defendant DOE Officers 1-4's shooting of Jaime Reyes, Jr. and the basis for that shooting. By so doing, the authorized policy makers within City of Fresno and the FPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

41. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification

and toleration of wrongful conduct of Defendants City of Fresno, Chief Dyer, and Does 5-10, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 32, above.

42. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

43. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Fresno, Chief Dyer, and Does 5-10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 34-36, above, and punitive damages against Defendant DOE Officers 1-4, Dyer, and DOES 5-10 in their individual capacities.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

44. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

45. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free from unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

    f. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    g. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    h. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

    i. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

46. Defendants violated Plaintiff's rights by the following multiple, independent and cumulative acts constituting threats, intimidation, or coercion:

    a. Defendant DOE Officers 1-4 pointing their guns at Jaime Jr. in the absence of any threat or justification whatsoever;

    b. using excessive, unreasonable and unjustified force against Jaime Jr. by firing gunshots at Jaime Jr., including firing additional unnecessary gunshots at Jaime Jr. when he was lying motionless on the ground;

    c. denying Jaime Jr. prompt and necessary medical care after Defendant DOE Officers 1-4 shot Jaime Jr. while Jaime Jr. was their prisoner, in desperate need of such care, and unable to provide or obtain such care for himself;

      d. causing Jaime Jr.'s wrongful death due to the acts described in subparagraphs a-c above; and

      e. creating, through their own excessive and unreasonable actions, a risk of harm to Jaime Jr., by Defendant DOE Officers 1-4's decision to use deadly force, and officers' wrongful conduct causing an escalation of events that led to the shooting death of Jaime Reyes, Jr.

47. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 33-36, and punitive damages against Defendant DOE Officers 1-4, Chief Dyer, and Does 5-10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**<u>ALL PLAINTIFFS AGAINST ALL DEFENDANTS</u>**

48. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

49. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

50. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

51. These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

      a. to refrain from using excessive and/or unreasonable force against Jaime Reyes, Jr.;

      b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

        c.        to refrain from abusing their authority granted them by law;

        d.        to use tactics and force appropriate for a emotionally disturbed, mentally incapacitated, and/or intoxicated person;

        e.        to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

52. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Fresno, Chief Dyer, and Does 5-10, include but are not limited to the following specific obligations:

        a.        to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

        b.        to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

        c.        to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 38, above.

53. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

54. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 33-36, and punitive damages against Defendants DOE Officers 1-4, Chief Dyer, and Does 5-10 in their individual capacities.

**COUNT FIVE
-- ASSAULT AND BATTERY --
<u>ALL PLAINTIFFS AGAINST DEFENDANTS DOES 1-4 AND CITY OF FRESNO</u>**

55. Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

56. The actions and omissions of Defendants Does 1-4 and City of Fresno as set forth above constitute assault and battery.

57. As a direct and proximate result of Defendants' assault and battery of Jaime Reyes, Jr., Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶¶ 33-36, and punitive damages against all Defendants in their individual capacities.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b. punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

    c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

    d. Injunctive relief, including but not limited to the following:

        i. an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

        ii. an order requiring Defendants to promptly, independently, thoroughly, and properly investigate and address officer involved shootings and other law enforcement related deaths;

        iii. an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly emotionally/mentally disturbed persons and intoxicated persons;

COMPLAINT AND JURY DEMAND     17

        iv.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

        v.    an order requiring Defendants to train all FPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iv, above;

        vi.    an order requiring Defendants to train all FPD Officers concerning generally accepted and proper tactics and procedures for handling emotionally/mentally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests i-iv, above;

        vii.    an order requiring Defendants to train all FPD Officers concerning generally accepted and proper tactics and procedures for handling persons experiencing a medical emergency and this Court's orders concerning the issues raised in injunctive relief requests i-iv, above;

    e.    such other and further relief as this Court may deem appropriate.

DATED: March 20, 2013        HADDAD & SHERWIN

        /s/ Michael J. Haddad
        Michael J. Haddad
        Attorneys for Plaintiff
        JAIME REYES, JR., MIRELLA REYES and
        JAIME REYES, SR.

## JURY DEMAND

Plaintiffs hereby request a trial by jury.

DATED: March 20, 2013          HADDAD & SHERWIN


                                /s/ Michael J. Haddad
                                Michael J. Haddad
                                Attorneys for Plaintiff
                                JAIME REYES, JR., MIRELLA REYES and
                                JAIME REYES, SR.