Mildred K. O'Linn, Esq. (State Bar No. 159055)
Tony M. Sain, Esq. (State Bar No. 251626)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street
15th Floor at 801 Tower
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@manningllp.com and tms@manningllp.com

Attorneys for Defendants,
CITY OF FRESNO and CHIEF JERRY DYER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES JR., Deceased, THROUGH HIS SUCCESSORS IN INTEREST MIRELLA REYES and JAIME REYES, SR.; MIRELLA REYES, Individually; and JAIME REYES, SR., Individually, <br><br> Plaintiffs, <br><br> vs. <br><br><br> CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER, in his individual and official capacities, and DOES 1 through 10, Jointly and Severally, <br><br> Defendants. | Case No.: 13-CV-00418-LJO-SKO <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [F.R.C.P. 12(b)(6); 12(f)] <br><br> Date:  May 21, 2013 <br> Time:  8:30 a.m. <br> Ctrm:  4 (7th Floor) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 in the above-captioned court located at 2500 Tulare Street, Fresno, California, defendants City of Fresno and Chief Jerry Dyer ("defendants") will move under Federal Rules of Civil Procedure, Rule 12(b)(6) and 12(f) for dismissal of and to strike portions of the complaint on the following grounds:

1. Plaintiffs have not alleged facts sufficient to set forth a claim pursuant to 42 U.S.C. § 1983 for an unlawful detention of decedent.

2. Plaintiffs have not alleged facts sufficient to set forth a claim for deliberate indifference to decedent's medical care.

3. The First Amendment claim contained in Count One is duplicative, superfluous, and not legally viable in light of the Fourteenth Amendment claim.

4. To the extent that plaintiffs are bringing a section 1983 claim on behalf of decedent, that claim should be limited to a Fourth Amendment claim.

5. The third count should be dismissed as to Chief Dyer and to the extent it seeks to assert a wrongful death claim on behalf of decedent's parents.

6. The claims against Chief Dyer in his official capacity should be dismissed.

7. Plaintiffs do not have standing to seek injunctive relief.

8. Plaintiffs have not alleged facts sufficient to state a claim for punitive damages against Chief Dyer.

This motion is based on this notice of motion, the attached memorandum of points and authorities, and on such other and further matter as the Court may accept at the hearing on this motion.

Dated: April 16, 2013                    MANNING & KASS
                                         ELLROD, RAMIREZ, TRESTER LLP


                                         By:  S:\Tony M. Sain

                                         Attorneys for Defendants,
                                         CITY OF FRESNO AND CHIEF JERRY DYER

**TABLE OF CONTENTS**

*Page*

1.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.  STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3.  PLAINTIFFS HAVE NOT ALLEGED FACTS SUFFICIENT TO STATE
    AN ILLEGAL DETENTION CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.  PLAINTIFFS HAVE NOT ALLEGED FACTS SUFFICIENT TO STATE
    A CLAIM FOR DELIBERATE INDIFFERENCE TO DECEDENT'S
    MEDICAL NEEDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5.  SECTION 1983 CLAIMS BY DECEDENT'S ESTATE MUST BE
    ANALYZED UNDER FOURTH AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6.  THE FIRST AMENDMENT CLAIM IS MERITLESS . . . . . . . . . . . . . . . . . . . . . . 6

7.  DECEDENT'S PARENTS CANNOT ASSERT A VIOLATION OF CIVIL
    CODE § 52.1 AND NO FACTS ARE ALLEGED TO SUPPORT SUCH
    A CAUSE OF ACTION AGAINST CHIEF DYER. . . . . . . . . . . . . . . . . . . . . . . . . . 7

8.  THE CLAIMS AGAINST CHIEF DYER IN HIS OFFICIAL CAPACITY
    SHOULD BE DISMISSED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9.  PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF. . . 9

10. THE COURT SHOULD STRIKE THE CLAIM FOR PUNITIVE DAMAGES
    AGAINST CHIEF DYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

*Page*

## CASES

*Bay Area Rapid Transit District [BART] v. Superior Court*, 38 Cal. App. 4th 141 (1995) . . . . . . . . 7

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1982) . . . . . . . . . . . . . . . . . . . . 4

*Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Graham v. Connor*, 490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1192 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . 6

*Lewis v. Sacramento County*, 98 F.3d 434 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Luke v. Abbott*, 954 F. Supp. 202 (C.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . 4,5

*Mitchell v. Dupnmik*, 75 F.3d 517 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Moreland v. Las Vegas Metropolitan Police Department*, 159 F.3d 365 (9th Cir. 1998) . . . 5

*Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1017 (C.D. Cal. 2000).. . . . . . . . . . . . 6

*Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984). . . . . . . . . . . . . . . . . . . . . . . 6

*Tatum v. City & County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006) . . . . . . . . . . . . . 5

*United States v. Lanier*, 520 U.S. 259 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Smith*, 633 F.3d 889 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Vance v. County of Santa Clara*, 928 F. Supp. 993 (N.D. Cal. 1996) . . . . . . . . . . . . . . . . . . 8

*Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATUTES

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,11

Civil Code § 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3,7,8

F.R.C.P. § 12(b)(6), (f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,10

Gov. Code § 820.8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.     INTRODUCTION

Plaintiffs, Jaime Reyes, Sr. and Mirella Reyes, the parents of decedent Jaime Reyes, Jr., allege that, on October 22, 2011, decedent was shot and killed by unnamed officers of the Fresno Police Department.  Plaintiffs have brought a federal civil rights lawsuit alleging claims on behalf of themselves as well as decedent's estate for federal civil rights violations (pursuant to 42 U.S.C. § 1983) and claims under California law.

The motion to dismiss should be granted on the following grounds: count one appears to allege claims under section 1983 for violations of each plaintiff's rights under the First, Fourth, and Fourteenth amendments.  Although it is difficult to determine specifically what claims are being brought by which plaintiffs, (a) the deliberate indifference to medical needs fails because the officers did not have a duty to provide medical care to decedent, (b) any claim for an illegal seizure of decedent (other than through the use of deadly force) fails because decedent was not detained by defendants and they had reasonable suspicion to detain him, (c) any claims brought on behalf of decedent's estate must be analyzed under the Fourth Amendment only, and (d) the First Amendment claims are superfluous and not legally viable in light of the Fourteenth Amendment substantive due process claims asserted by plaintiffs.

Certain aspects of plaintiffs' state law claims also fail.  The third cause of action for a violation of California Civil Code § 52.1 should be dismissed to the extent that it asserts a wrongful death claim by decedent's parents.  It should also be dismissed as to Chief Dyer because there are no allegations to suggest that he personally used threats, intimidation, or coercion against decedent.  Plaintiffs have not alleged facts sufficient to state a claim for punitive damages against Chief Dyer.  Finally, plaintiffs do not have standing to seek injunctive relief.

## 2.     STATEMENT OF FACTS

On June 6, 2012, four unidentified Fresno police officers went to the home of plaintiffs Mirella Reyes and Jaime Reyes, Sr. looking for Jaime Reyes, Jr. who "was

suspected in the burglary of a neighbor's home."[1] (Complaint at ¶ 17.) The officers were informed that decedent was not at his parents' house but made contact with him approximately two blocks away. (Id. at ¶ 19.) Decedent ran away from the officers as they approached him in their patrol car.

Decedent was ultimately surrounded by the officers but, rather than submit to detention and/or arrest, he jumped a fence and ran into a football field.[2] As he was running from the officers, according to the complaint, they fired a "volley of gunshots" at decedent and then fired another volley after he fell to the ground. (Id. at ¶ 20-23.)

Plaintiffs then allege that the officers "did not provide [decedent] with any medical assistance, but rather approached him to frisk and then handcuff him as he lay severely wounded on the ground. Several minutes elapsed before [the officers] took any steps to provide first aid for him. Upon information and belief, 20 minutes went by before paramedics arrived to take Jaime, Jr. to the hospital." (Id. at ¶ 24.)

On March 20, 2013, plaintiffs filed a complaint alleging causes of action for (1) violations of plaintiffs' federal constitutional rights, including what appear to be claims for (a) a Fourth Amendment illegal detention claim on behalf of decedent, (b) a Fourth Amendment excessive use of deadly force claim on behalf of decedent, (c) a Fourteenth Amendment claim for loss of decedent's society on behalf of decedent's parents [based on the alleged unreasonable use of deadly force], (d) a First Amendment claim for loss of decedent's society on behalf of his parents [also based on the alleged unreasonable use of deadly force], and (e) a claim for deliberate indifference to decedent's medical needs under either the Fourth or Fourteenth Amendments; (2) a *Monell* claim against the City and a claim against Chief Dyer in both his individual and official capacities for, *inter alia*, allowing or

---

[1] What the complaint fails to mention is that decedent was a known member of the Bulldog gang, on probation, had stolen a handgun and bulletproof vest, and had the handgun on him when he was shot. See http://www.kmph.com/story/18734507/ veterans-gun-center-of-latest-police-shooting-in-fresno

[2] Again, it is interesting what the complaint omits. The "football field" was on the campus of an elementary school and the incident happened on a Wednesday afternoon. http://www.kmph.com/story/18724130/armed-gang-member-shot-and-killed-by-police

encouraging a custom, policy or practice of the excessive use of force by Fresno police officers, (3) a violation of California Civil Code § 52.1 brought by all plaintiffs against all defendants, (4) a state law claim for negligence under both survival and wrongful death theories, and (5) a state law claim for battery under survival and wrongful death theories.

**3.   PLAINTIFFS HAVE NOT ALLEGED FACTS SUFFICIENT TO STATE AN ILLEGAL DETENTION CLAIM**

In Count One of the complaint, plaintiffs allege violations of their federal constitutional rights pursuant to the First, Fourth, and Fourteenth Amendments based on the "actions and omissions" described in earlier paragraphs. (Complaint at ¶ 32.) Plaintiffs then set forth five subclaims, including one alleging a violation of the "right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments." (Id. at ¶ 32(a).) In light of the fact that the remaining subclaims relate to the alleged use of excessive force, it appears that the first subclaim is one for illegal detention. If so, the facts alleged in the complaint fail to set forth such a cause of action.

First, although the officers attempted to detain or arrest decedent, according to the allegations in the complaint, decedent did not submit to the officers' authority prior to the use of deadly force. Thus, decedent was not seized prior to the use of deadly force and any illegal detention claim fails as a matter of law. *United States v. Smith*, 633 F.3d 889, 892-93 (9th Cir. 2011) ("a person is not 'seized' within the meaning of the Fourth Amendment unless 'by means of physical force or show of authority, his freedom of movement is restrained.' In the absence of physical force, in order to constitute a seizure, an officer's show of authority must be accompanied by 'submission to the assertion of authority.'").

Second, even if plaintiffs were attempting to assert a claim for illegal detention, based on the allegations in the complaint, the officers had reasonable suspicion to detain decedent after he fled from them. *Smith*, 633 F.3d at 894 ("headlong" flight from police officers "is sufficient to establish reasonable suspicion that the person is involved in criminal activity"). Any allegation that defendants attempted to detain decedent does not state a constitutional violation because the officers had a lawful basis to try to detain, if not arrest, decedent.

### 4. PLAINTIFFS HAVE NOT ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO DECEDENT'S MEDICAL NEEDS

In the first count, it also appears that plaintiffs are attempting to allege a cause of action for deliberate indifference to decedent's medical needs by the defendant officers because they allegedly did not provide him with any medical assistance and delayed providing first aid to him although the complaint concedes that paramedics were called and arrived at the scene within 20 minutes of the shooting. (Complaint at ¶ 24, 33.)

Plaintiffs have not alleged facts sufficient to state a claim against the officers for deliberate indifference to decedent's medical needs. Allegations by plaintiffs that the officers did not provide decedent with medical assistance or that they delayed providing him with first aid are not actionable as a matter of law.

Police officers have no duty provide CPR or other first aid to an injured suspect and no constitutional violation is stated if the officers fail or refuse to begin CPR or other first aid to the suspect. In *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1982), the United States Supreme Court held that police officers satisfied any duty they might have to a pretrial detainee that needs medical attention by "seeing that [the arrestee] was taken promptly to a hospital that provided the treatment necessary for his injury." *Id.* at 244-45 (citations and footnote omitted).

The Ninth Circuit confirmed this proposition in *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986). In *Maddox*, the defendant police officers noticed that an arrestee did not have a pulse. Although the officers had CPR training, none of them administered CPR. Instead, they took the suspect to the jail ward of the hospital for medical attention. The Ninth Circuit found "no authority suggesting that the due process clause establishes an affirmative duty on the part of police officers to render CPR in any and all circumstances. Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* at 1415 (citations omitted).

Finally, in *Tatum v. City & County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006), the Ninth Circuit held that "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment, even if the officer did not administer CPR." *Id.* at 1099. In *Tatum*, the Court found that the officers did not violate the decedent's constitutional rights by waiting until after decedent was secured in handcuffs before summoning an ambulance.

In this case, plaintiffs admit that paramedics were summoned to provide medical care to decedent. (Complaint at ¶ 24.) Defendants were not required to personally provide decedent with CPR, first aid, or other medical assistance. The officers did all that was required of them under the constitution and Count One fails as a matter of law to the extent plaintiffs are seeking to state a claim for deliberate indifference to decedent's medical needs.

**5.   SECTION 1983 CLAIMS BY DECEDENT'S ESTATE MUST BE ANALYZED UNDER FOURTH AMENDMENT**

Although it is not clear from the complaint, it appears that plaintiffs may be attempting to assert survival claims premised on violations of the Fourteenth Amendment and First Amendment on behalf of decedent's estate. (See Complaint at ¶ 32.) Such claims are not cognizable.

The survivors of a person killed by a police officer may assert a Fourth Amendment claim on behalf of the decedent's estate "if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998). California law permits survival actions, and decedent's parents appear to have asserted Fourth Amendment claims on behalf of decedent's estate in the first and second causes of action. They cannot also assert claims for violations of the substantive due process clause (Fourteenth Amendment) or First Amendment.

Where a particular amendment "provides an explicit textual source of constitutional protection' against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide of analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also United States v. Lanier*, 520

U.S. 259, 272, n.7 (1997). Thus, any claim of excessive force or unreasonable search and seizure by decedent's estate must be analyzed under the Fourth Amendment, not the First or Fourteenth amendments. To the extent that those claims are asserted on behalf of decedent's estate, the claims set forth in subsections (d) and (e) of Paragraph 32 should be dismissed.

**6.    THE FIRST AMENDMENT CLAIM IS MERITLESS**

In addition to the Fourth and Fourteenth Amendment claims, plaintiffs assert a claim based on an alleged violation of their rights to continued association with decedent under the First Amendment. (Complaint at ¶ 32(e).) The motion should be granted as to that claim for relief because the First Amendment claim is superfluous in light of the nearly- identical Fourteenth Amendment claim.

"The Supreme Court has recognized two types of free association rights: the right to intimate relationships and the right to associate for the purposes of engaging in the activities set forth in the First Amendment; i.e. speaking, worshiping, and petitioning the government. The former is protected as a personal liberty under the Fourteenth Amendment, while the latter is protected by the First Amendment." *Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1017 (C.D. Cal. 2000) (citing *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984); *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1192 (9th Cir. 1988)).

In this case, plaintiffs are alleging a violation of the first type of free association rights -- the right to intimate associations. That right is protected as a personal liberty under the Fourteenth Amendment and decedent's parents have already asserted a claim based on an alleged violation of their Fourteenth Amendment rights. In light of the Fourteenth Amendment claim, the First Amendment claim is superfluous and not legally cognizable.

**7.    DECEDENT'S PARENTS CANNOT ASSERT A VIOLATION OF CIVIL CODE § 52.1 AND NO FACTS ARE ALLEGED TO SUPPORT SUCH A CAUSE OF ACTION AGAINST CHIEF DYER**

In the third cause of action, "all plaintiffs" allege that "all defendants" violated their rights protected by California Civil Code § 52.1. (SAC at p. 13.) Plaintiff Mirella Reyes and Jaime Reyes, Sr. cannot assert a claim for a violation of Civil Code § 52.1 under a wrongful death theory and there are no facts alleged in the complaint to suggest that Chief

Dyer personally violated California Civil Code § 52.1.

California Civil Code § 52.1 provides a civil right to sue for interference "by threats, intimidation, or coercion . . . with the exercise or enjoyment . . . of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state . . . ." To state a claim under Civil Code § 52.1, a plaintiff must allege facts establishing both (a) the violation of a constitutional or statutory right and (b) that the violation was accomplished by "the requisite threats, intimidation, or coercion." *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 843 (2004).

The motion to dismiss should be granted as to the third cause of action to the extent that it seeks to assert wrongful death claims on behalf of decedent's parents based on a violation of Civil Code § 52.1 because that claim is personal to the person whose rights were violated and it cannot be brought as a wrongful death cause of action. *Bay Area Rapid Transit Dist. [BART] v. Superior Court*, 38 Cal. App. 4th 141, 145 (1995).

In the *BART* case, the plaintiffs were the parents of a man who was killed by a police officer. They asserted causes of action for wrongful death as well as a violation of Civ. Code § 52.1 on behalf of themselves and their son's estate. The California Court of Appeal upheld the dismissal of the Civil Code § 52.1 claim on the grounds that the plaintiffs did not have standing to assert a violation of that section on behalf of their dead son or themselves. *Id.* at 145. Based on the holding in *BART*, the Court should grant the motion to dismiss the third cause of action to the extent it is based on a wrongful death theory.[3]

The third cause of action should also be dismissed as to Chief Dyer. Plaintiffs have not alleged that Chief Dyer personally engaged in any conduct toward decedent that amounted to either an interference with decedent's rights or threats, intimidation, or coercion. Chief Dyer cannot be held liable for the allegedly improper conduct of his subordinates. Cal. Gov. Code § 820.8 ("a public employee is not liable for an injury caused by the act or omission of another person.")

---

[3] The Court in *BART* also upheld the dismissal of the plaintiffs' survival claim for a violation of Civil Code § 52.1 but defendants are not seeking the dismissal of that claim at this time.

As to the third count for an alleged violation of Civil Code § 52.1, the motion to dismiss should be granted to the extent that the claim is based on a wrongful death theory by decedent's parents and the claim should be dismissed as to Chief Dyer.

## 8. THE CLAIMS AGAINST CHIEF DYER IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED

In the complaint, plaintiffs have sued Chief Dyer in his official and individual capacities. (Complaint at ¶ 8.)  The Court should dismiss the complaint against Chief Dyer in his official capacity because plaintiffs have also sued the City of Fresno.

A suit against an individual in his official capacity is, in reality, a suit against the entity.  *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001); *Mitchell v. Dupnmik*, 75 F.3d 517, 527 (9th Cir. 1996).  The entity, the City of Fresno, is also named as a defendant in this case.  Therefore, naming Chief Dyer in his official capacity is redundant.

Various court have dismissed lawsuits against government officials in their official capacities under similar circumstances.  In *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996), the court held that, "if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."

Similarly, in *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997), the court held that, "it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity.  To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees.  A plaintiff cannot elect which of the defendant formats to use.  If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant."

Finally, in *Lewis v. Sacramento County*, 98 F.3d 434, 446 (9th Cir. 1996), *reversed on other grounds*, 523 U.S. 833 (1998), the Ninth Circuit affirmed a grant of summary judgment in favor of a police officer sued in his official capacity because the claim was more properly brought against the County.

The City of Fresno is named as a defendant in this action.  The claims against Chief Dyer in his official capacity are simply claims against the City.  The claims against Chief Dyer in his official capacity are redundant and it is a waste of resources to keep them in this lawsuit.  Therefore, as to the claims against Chief Dyer in his official capacity, the motion to dismiss should be granted.

**9.      PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF**

In the prayer for relief, plaintiffs seek injunctive relief against each defendant, including an order (1) prohibiting defendants from violating the Fourth Amendment rights "of Plaintiffs and others" [defendants are already prohibited from doing so]; (2) requiring a prompt and independent investigation of officer involved shootings, and (3) requiring the City to institute changes in policy relating to stopping and detaining individuals.  (Complaint at p. 17-18.)

The Court should strike the request for injunctive relief because plaintiffs do not have standing to seek that relief as there are no allegations in the complaint to suggest that any of the plaintiffs will be subjected to the use of deadly force by Fresno Police Department officers in the future.  *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

In *Lyons*, the plaintiff was stopped by Los Angeles Police Department officers for a traffic violation.  Lyons alleged that the officers grabbed him and applied a "chokehold" which caused him to lose consciousness and suffer permanent damage to his larynx.  Lyons sought an injunction restricting the LAPD's use of chokeholds. The Supreme Court held that Lyons did not have standing to seek injunctive relief because of the absence of a realistic threat of future injury to Lyons from the use of a chokehold by LAPD officers.  *Id.* at 103. The Court's conclusion was supported by "the need for a proper balance between state and federal authority counsels restraint in the issuance of injunctions against state officers engaged in the administration of the States' criminal laws in the absence of irreparable injury which is both great and immediate." *Lyons*, 461 U.S. at 112.

In this case, each plaintiff seeking injunctive relief must establish that there is a "realistic risk" that he or she would be subjected to deadly force by Fresno Police

Department officers in the future. There are no facts alleged in the complaint to support such a conclusion in this case. Therefore, while plaintiffs may assert claims for damages based on the death of decedent, they do not have standing to seek injunctive relief and page 17, line 18 - page 18, line 15 should be stricken without leave to amend.

**10.    THE COURT SHOULD STRIKE THE CLAIM FOR PUNITIVE DAMAGES AGAINST CHIEF DYER**

Pursuant to Federal Rules of Civil Procedure, Rule 12(f), the Court may strike any "redundant, immaterial, impertinent, or scandalous matter" in a complaint. In this case, the Court should strike the request for punitive damages as to Chief Dyer.

Plaintiffs seek an award of punitive damages against the individual defendants. To obtain an award of punitive damages against an individual, plaintiffs must prove that the defendant's actions were malicious, oppressive, or in reckless disregard of the decedent's rights. *Dang v. Cross*, 422 F.3d 800, 810 (9th Cir. 2005).

Ninth Circuit Model Jury Instruction 5.5 defines the bases for an award of punitive damages as follows:

> Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

(Ninth Circuit Model Jury Instruction 5.5, 2008.)

As to Chief Dyer, plaintiffs have not alleged facts sufficient to establish that he acted with malice, oppression, or in reckless disregard of decedent's constitutional rights. Chief Dyer is the head of the Fresno Police Department but there are no allegations that he was personally involved in the incident that led to the death of Jaime Reyes, Jr. There are no allegations in the complaint to suggest that any action that Chief Dyer took relating to plaintiffs was motivated by malice, oppression, or reckless disregard. As to Chief Dyer, the request for punitive damages should be stricken.

///

-10-
D:\docsdata\plh\LA PROJECTS\Reyes\Mtn Dismiss Complaint.001.wpd
MOTION TO DISMISS PORTIONS OF COMPLAINT

**11.**     **CONCLUSION**

For the reasons set forth above, the Court should grant the motion to dismiss/strike as follows:

1.     Count One to the extent it alleges claims pursuant to 42 U.S.C. § 1983 for an unlawful detention of decedent.

2.     Count One to the extent it alleges a claim for deliberate indifference to decedent's medical care.

3.     Count One to the extent it alleges a claims on behalf of decedent's estate for violations of the First Amendment or substantive due process clause of the Fourteenth Amendment.

4.     Count One to the extent that it alleges a claim by plaintiffs for a violation of the First Amendment.

5.     Count Three as against Chief Dyer and on behalf of decedent's parents on their own behalf.

6.     The claims against Chief Dyer in his official capacity.

7.     The Court should strike the prayer for injunctive relief.

8.     The Court should strike the request for punitive damages against Chief Dyer.

Dated: April 16, 2013              MANNING & KASS
                                   ELLROD, RAMIREZ, TRESTER LLP

                                   By: S:\Tony M. Sain

                                   Attorneys for Defendants,
                                   CITY OF FRESNO AND CHIEF JERRY DYER