**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME REYES JR., THROUGH HIS SUCCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, and DOES 1 through 10, Jointly and Severally, <br><br> Defendants. | Case No. 1:13-CV-00418-LJO-SKO <br><br> **STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS AND PROTECTIVE ORDER** |

The parties – plaintiffs JAIME REYES, JR., through his successors in interest MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, individually; and JAIME REYES SR., individually (collectively hereafter as "plaintiffs") and defendants CITY OF FRESNO and POLICE CHIEF JERRY DYER (collectively hereafter as "Defendants") -- by and through their respective

Case No. 1:11-CV-01547-LJO-SKO:  STIPULATION AND ORDER RE: CONFIDENTIAL DOCUMENTS

1

1    attorneys of record, hereby stipulate for the purpose of jointly requesting that the honorable Court

2    enter a protective order re confidential documents in this matter (and pursuant to Fed. R. Civ. P. 5.2,

3    7, and 26, as well as U.S. Dist. Ct., E.D. Cal. L.R. 141, 141.1, 143, and 251) as follows:

4    1.       PURPOSES AND LIMITATIONS

5            Disclosure and discovery activity in this action are likely to involve production of

6    confidential, proprietary, or private information for which special protection from public disclosure

7    and from use for any purpose other than prosecuting this litigation would be warranted.

8    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation

9    and Order.  The parties acknowledge that this Stipulation and Order does not confer blanket

10   protections on all disclosures or responses to discovery and that the protection it affords extends

11   only to the limited information or items that are entitled, under the applicable legal principles, to

12   treatment as confidential.  The parties further acknowledge, as set forth below, that this Stipulation

13   and Order creates no entitlement to file confidential information under seal; Eastern District Local

14   Rule 141 sets forth the procedures that must be followed and reflects the standards that will be

15   applied when a party seeks permission from the court to file material under seal.

16           Nothing in this Stipulation and Order shall be construed so as to require or mandate that any

17   Party disclose or produce privileged information or records that could be designated as Confidential

18   Documents/Protected Material hereunder.

19   2.       DEFINITIONS

20               2.1      Party:  any party to this action, including all of its officers, directors,

21   employees, consultants, retained experts, house counsel and outside counsel (and their support

22   staff).

23               2.2      Disclosure or Discovery Material:  all items or information, regardless of the

24   medium or manner generated, stored or maintained (including, among other things, testimony,

25   transcripts, or tangible things) that are produced or generated in disclosures or responses to

26   discovery by any Party in this matter.

27

28

1    2.3    "Confidential" Information or Items:  information (regardless of the medium

2  or how generated, stored, or maintained) or tangible things that qualify for protection under

3  standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal

4  privileges.  This material includes, but is not limited to, medical and psychotherapeutic records; as

5  well as peace officer personnel records as defined by California Penal Code sections 832.8, 832.5,

6  832.7 and the associated case law; and other similar confidential records designated as such.

7    2.4    Receiving Party:  a Party that receives Disclosure or Discovery Material from

8  a Producing Party, including a Party that has noticed or subpoenaed and is taking a deposition or

9  comparable testimony.

10    2.5    Producing Party:  a Party or non-party that produces Disclosure or Discovery

11  Material in this action, including a Party that is defending a deposition noticed or subpoenaed by

12  another Party; additionally, for the limited purpose of designating testimony subject to this

13  Stipulation and Order pursuant to section 6.2(b) (*infra*), a "Producing Party" shall also be construed

14  to include a Party that is attending and/or participating in a non-party deposition

15  noticed/subpoenaed by another Party.

16    2.6    Designating Party:  a Party or non-party that designates information or items

17  that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

18    2.7    Protected Material:  any Disclosure or Discovery Material that is designated

19  as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order.  (The term

20  "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes

21  of this Stipulation and Protective Order.)

22    2.8    Outside Counsel:  attorneys who are not employees of a Party but who are

23  retained to represent or advise a Party in this action (as well as their support staffs).

24    2.9    House Counsel:  attorneys who are employees of a Party (as well as their

25  support staffs).

26    2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as

27  their support staffs).

28

1          2.11    Expert:  a person with specialized knowledge or experience in a matter

2    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

3    witness or as a consultant in this action and who is not a past or a current employee of a Party and

4    who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of

5    a Party's; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to

6    Federal Rule of Civil Procedure 26(a)(2).

7          2.12    Professional Vendors:  persons or entities that provide litigation support

8    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10   subcontractors.

11   3.    GOOD CAUSE STATEMENT

12          3.1.    Defendants' Contentions.

13          Defendants contend that there is good cause and a particularized need for a protective order

14   to preserve the interests of confidentiality and privacy in peace officer personnel file records for the

15   following reasons.  Plaintiffs do not agree with and do not stipulate to Defendants' contentions in

16   this section below.

17          First, Defendants contend that peace officers have a federal privilege of privacy in their

18   personnel file records: a reasonable expectation of privacy therein that is underscored, specified,

19   and arguably heightened by the *Pitchess* protective procedure of California law.  *See Sanchez v.*

20   *Santa Ana Police Dept.*, 936 F.2d 1027, 1033-1034 (9th Cir. 1990); *Hallon v. City of Stockton*, 2012

21   U.S. Dist. LEXIS 14665, *2-3, 12-13 (E.D. Cal. 2012) (concluding that "while "[f]ederal law

22   applies to privilege based discovery disputes involving federal claims," the "state privilege law

23   which is consistent with its federal equivalent significantly assists in applying [federal] privilege

24   law to discovery disputes"); *Soto v. City of Concord*, 162 F.R.D. 603, 613 n. 4, 616 (N.D. Cal.

25   1995) (peace officers have constitutionally-based "privacy rights [that] are not inconsequential" in

26   their police personnel records); *cf*. Cal. Penal Code §§ 832.7, 832.8; Cal. Evid. Code §§ 1040-1047.

27

28

1    Defendants further contend that uncontrolled disclosure of such personnel file information can

2    threaten the safety of non-party witnesses, officers, and their families/associates.

3         Second, Defendants contend that municipalities and law enforcement agencies have federal

4    deliberative-executive process privilege, federal official information privilege, federal law

5    enforcement privilege, and federal attorney-client privilege (and/or attorney work product

6    protection) interests in the personnel files of their peace officers – particularly as to those portions

7    of peace officer personnel files that contain critical self-analysis, internal deliberation/decision-

8    making or evaluation/analysis, or communications for the purposes of obtaining or rendering legal

9    advice or analysis – potentially including but not limited to evaluative/analytical portions of Internal

10   Affairs type records or reports, evaluative/analytical portions of supervisory records or reports,

11   and/or reports prepared at the direction of counsel, or for the purpose of obtaining or rendering legal

12   advice.  *See Sanchez*, 936 F.2d at 1033-1034; *Maricopa Audubon Soc'y v. United States Forest*

13   *Serv.*, 108 F.3d 1089, 1092-1095 (9th Cir. 1997); *Soto*, 162 F.R.D. at 613, 613 n. 4; *Kelly v. City of*

14   *San Jose*, 114 F.R.D. 654, 668-671 (N.D. Cal. 1987); *Tuite v. Henry*, 181 F.R.D. 175, 176-177 (D.

15   D.C. 1998); *Hamstreet v. Duncan*, 2007 U.S. Dist. LEXIS 89702 (D. Or. 2007); *Admiral Ins. Co. v.*

16   *United States Dist. Ct.*, 881 F.2d 1486, 1492, 1495 (9th Cir. 1988).  Defendants further contend that

17   such personnel file records are restricted from disclosure by the public entity's custodian of records

18   pursuant to applicable California law and that uncontrolled release is likely to result in needless

19   intrusion of officer privacy; impairment in the collection of third-party witness information and

20   statements and related legitimate law enforcement investigations/interests; and a chilling of open

21   and honest discussion regarding and/or investigation into alleged misconduct that can erode a public

22   entity's  ability to identify and/or implement any remedial measures that may be required.

23         Third, Defendants contend that, since peace officers do not have the same rights as other

24   private citizens to avoid giving compelled statements, it is contrary to the fundamental principles of

25   fairness to permit uncontrolled release of officers' compelled statements.  *See generally Lybarger v.*

26   *City of Los Angeles*, 40 Cal.3d 822, 828-830 (1985); *cf.* U.S. Const., amend V.

27

28

1    Plaintiffs do not agree with and do not stipulate to Defendants' contentions herein above,

2  and nothing in this Stipulated Protective Order shall resolve the parties' disagreement, or bind them,

3  concerning the legal statements and claimed privileges set forth above.

4    3.2.    The parties jointly contend that there is typically a particularized need for

5  protection as to any medical or psychotherapeutic records, because of the privacy interests at stake.

6  Because of these sensitive interests, a court order should address these documents rather than a

7  private agreement between the parties.

8    3.3    The entry a Protective Order by the Court pursuant to this Stipulation shall

9  not be construed as any ruling by the Court on the aforementioned legal statements or privilege

10  claims in this section (§ 3), nor shall this section be construed as part of any such Court Order.

11  4.    SCOPE

12    The protections conferred by this Stipulation and Order cover not only Protected

13  Material/Confidential Documents (as defined above), but also (1) any information copied or

14  extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

15  Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that

16  might reveal Protected Material. However, the protections conferred by this Stipulation and Order

17  do not cover the following information: (a) any information that is in the public domain at the time

18  of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

19  Receiving Party as a result of publication not involving a violation of this Order, including

20  becoming part of the public record through trial or otherwise; and (b) any information known to the

21  Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from

22  a source who obtained the information lawfully and under no obligation of confidentiality to the

23  Designating Party. Any use of Protected Material at trial shall not be governed by this Order, and

24  may be governed by a separate agreement or order.

25

26

27

28

5.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.      DESIGNATING PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS

6.1      Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2      Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL."  Only those portions of the

1   testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days

2   shall be covered by the provisions of this Stipulation and Protective Order.

3         Transcript pages containing Protected Material must be separately bound by the court

4   reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the

5   Producing Party.

6                    (c)      for information produced in some form other than documentary, and

7   for any other tangible items (including but not limited to information produced on disc or electronic

8   data storage device), that the Producing Party affix in a prominent place on the exterior of the

9   container or containers in which the information or item is stored the legend "CONFIDENTIAL."

10  If only portions of the information or item warrant protection, the Producing Party, to the extent

11  practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

12                6.3    Inadvertent Failures to Designate.  If timely corrected (preferably, though not

13  necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to

14  designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the

15  Designating Party's right to secure protection under this Order for such material.  If material is

16  appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

17  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

18  that the material is treated in accordance with this Order.

19                6.4.    Alteration of Confidentiality Stamp.  A Receiving Party shall not alter, edit,

20  or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL" stamp

21  or legend thereon; nor shall a Receiving Party take any other action so as to make it appear that

22  Protected Material is not subject to the terms and provisions of this Stipulation and Order.

23  However, nothing in this section shall be construed so as to prevent a Receiving Party from

24  challenging a confidentiality designation subject to the provisions of section 7, *infra*.

25  7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

26                7.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation

27  of confidentiality at any time prior to the first day of trial of the matter.    Unless a prompt

28

1    challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable

2    substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of

3    the litigation, a Party does not waive its right to challenge a confidentiality designation by electing

4    not to mount a challenge promptly after the original designation is disclosed.

5                    7.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution

6    process by providing written notice of each designation it is challenging and describing the basis for

7    each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice

8    must recite that the challenge to confidentiality is being made in accordance with this specific

9    paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith

10   and must begin the process by conferring directly (in voice to voice dialogue; other forms of

11   communication are not sufficient) within 14 days of the date of service of notice. In conferring, the

12   Challenging Party must explain the basis for its belief that the confidentiality designation was not

13   proper and must give the Designating Party an opportunity to review the designated material, to

14   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

15   chosen designation. A Challenging Party may proceed to the next stage of the challenge process

16   only if it has engaged in this meet and confer process first or establishes that the Designating Party

17   is unwilling to participate in the meet and confer process in a timely manner.

18                   7.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court

19   intervention, the Challenging Party shall file and serve a motion to remove confidentiality under

20   Eastern District Local Rule 230 and 251 (and in compliance with Eastern District Local Rules 141

21   and 141.1, if applicable) within 14 days of the parties agreeing that the meet and confer process will

22   not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier, unless

23   the parties agree in writing to a longer time. Each such motion must be accompanied by a

24   competent declaration affirming that the movant has complied with the meet and confer

25   requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a

26   motion challenging a confidentiality designation at any time if there is good cause for doing so,

27   including a challenge to the designation of a deposition transcript or any portions thereof. Any

28   motion brought pursuant to this provision must be accompanied by a competent declaration

1    affirming that the movant has complied with the meet and confer requirements imposed by the

2    preceding paragraph.

3            The burden of persuasion in any such challenge proceeding shall be on the

4    Designating Party, regardless of whether the Designating Party is the moving party or whether such

5    Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper

6    purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose

7    the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality

8    designation by failing to oppose a motion to remove confidentiality as described above, all parties

9    shall continue to afford the material in question the level of protection to which it is entitled under

10   the Producing Party's designation until the court rules on the challenge.

11           7.4.    Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a

12   Designating Party may remove Protected Material/Confidential Documents from some or all of the

13   protections and provisions of this Stipulation and Order at any time by any of the following

14   methods:

15           (a)    Express Written Withdrawal.  A Designating Party may withdraw a

16   "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents

17   from some or all of the protections of this Stipulation and Order by an express withdrawal in a

18   writing signed by such Party (or such Party's Counsel, but not including staff of such Counsel) that

19   specifies and itemizes the Disclosure or Discovery Material previously designated as Protected

20   Material/Confidential Documents that shall no longer be subject to all or some of the provisions of

21   this Stipulation and Order.  Such express withdrawal shall be effective  when transmitted or served

22   upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some

23   of the provisions/protections of this Stipulation and Order, such Party must state which specific

24   provisions are no longer to be enforced as to the specified material for which confidentiality

25   protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal

26   of such material from all of the protections/provisions of this Stipulation and Order;

27           (b)    Express Withdrawal on the Record.  A Designating Party may

28   withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential

1    Documents from all of the provisions/protections of this Stipulation and Order by verbally

2    consenting in court proceedings on the record to such withdrawal – provided that such withdrawal

3    specifies the Disclosure or Discovery Material previously designated as Protected

4    Material/Confidential Documents that shall no longer be subject to any of the provisions of this

5    Stipulation and Order.  A Designating Party is not permitted to withdraw Protected Material from

6    only some of the protections/provisions of this Stipulation and Order by this method;

7    (c)    Implicit Withdrawal by Publication or Failure to Oppose Challenge.

8    A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made

9    to any specified Protected Material/Confidential Documents from all of the provisions/protections

10   of this Stipulation and Order by either (1) making such Protected Material/Confidential Records

11   part of the public record – including but not limited to attaching such as exhibits to any filing with

12   the court without moving, prior to such filing, for the court to seal such records; or (2) failing to

13   timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to

14   specified Protected Material/Confidential Documents.  Nothing in this Stipulation and Order shall

15   be construed so as to require any Party to file Protected Material/Confidential Documents under

16   seal, unless expressly specified herein.

17   8.    ACCESS TO AND USE OF PROTECTED MATERIAL

18   8.1    Basic Principles.  A Receiving Party may use Protected Material that is

19   disclosed or produced by another Party or by a non-party in connection with this case only for

20   preparing, prosecuting, defending, or attempting to settle this litigation – up to and including final

21   disposition of the above-entitled action – and not for any other purpose, including any other

22   litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only

23   to the categories of persons and under the conditions described in this Stipulation and Order.  When

24   the above entitled litigation has been terminated, a Receiving Party must comply with the provisions

25   of section 13, below (FINAL DISPOSITION).

26   Protected Material must be stored and maintained by a Receiving Party at a location and in a

27   secure manner that ensures that access is limited to the persons authorized under this Stipulation and

28   Order.

1          8.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

2   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

3   disclose any information or item designated CONFIDENTIAL only to:

4          (a)   the Receiving Party's Outside Counsel of record in this action, as well

5   as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

6   litigation;

7          (b)   the officers, directors, and employees (including House Counsel) of

8   the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom,

9   by accepting receipt of such Protected Material, agree to be bound by this Stipulation and Order;

10          (c)   Experts (as defined in this Stipulation and Order) of the Receiving

11   Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting

12   receipt of such Protected Material, agree to be bound by this Stipulation and Order;

13          (d)   the Court and its personnel;

14          (e)   court reporters, their staffs, and Professional Vendors to whom

15   disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such

16   Protected Material, agree to be bound by this Stipulation and Order;

17          (f)   during their depositions, witnesses in the action to whom disclosure is

18   reasonably necessary – each of whom, by accepting receipt of such Protected Material, agree to be

19   bound by this Stipulation and Order.  Pages of transcribed deposition testimony or exhibits to

20   depositions that reveal Protected Material must be separately bound by the court reporter and may

21   not be disclosed to anyone except as permitted under this Stipulation for Protective Order.

22          (g)   the author or custodian of a document containing the information that

23   constitutes Protected Material, or other person who otherwise possessed or knew the information.

24          8.3.   Notice of Confidentiality.  Prior to producing or disclosing Protected

25   Material/Confidential Documents to persons to whom this Stipulation and Order permits disclosure

26   or production (see section 8.2, *supra*), a Receiving Party shall provide a copy of this Stipulation and

27   Order to such persons so as to put such persons on notice as to the restrictions imposed upon them

28

1   herein: except that, for court reporters, Professional Vendors, and for witnesses being provided with

2   Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving

3   Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions

4   of this Stipulation and Order and such provisions' applicability to specified Protected Material at

5   issue.

6           8.4.    Reservation of Rights.  Nothing in this Stipulation and Order shall be

7   construed so as to require any Producing Party to designate any records or materials as

8   "CONFIDENTIAL."  Nothing in this Stipulation and Order shall be construed so as to prevent the

9   admission of Protected Material into evidence at the trial of this action, or in any appellate

10  proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been

11  designated as Protected Material/Confidential Documents.  Notwithstanding the foregoing, nothing

12  in this Stipulation and Order shall be construed as a waiver of any privileges or of any rights to

13  object to the use or admission into evidence of any Protected Material in any proceeding; nor shall

14  anything herein be construed as a concession that any privileges asserted or objections made are

15  valid or applicable.  Nothing in this Stipulation and Order shall be construed so as to prevent the

16  Producing Party (or its Counsel or custodian of records) from having access to and using Protected

17  Material designated by that Party in the manner in which such persons or entities would typically

18  use such materials in the normal course of their duties or profession – except that the waiver of

19  confidentiality provisions shall apply (see section 7.4(c), *supra*).

20  9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

21  LITIGATION

22          If a Party is served with a subpoena or a court order issued in other litigation that compels

23  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

24  must:

25          (a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by

26  facsimile or electronic mail. Such notification shall include a copy of the subpoena or court order;

27          (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

28

1   other litigation that some or all of the material covered by the subpoena or order is subject to this

2   Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3        (c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in

4   any such situation, while adhering to the terms of this order.

5        If the Designating Party timely seeks a protective order, the Party served with the subpoena

6   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

7   before a determination by the court from which the subpoena or order issued, unless the Party has

8   obtained the Designating Party's permission. The Designating Party shall bear the burden and

9   expense of seeking protection in that court of its confidential material – and nothing in these

10   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

11   disobey a lawful directive from another court.

12        The purpose of this section is to ensure that the affected Party has a meaningful opportunity

13   to preserve its confidentiality interests in the court from which the subpoena or court order issued.

14   10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

15   LITIGATION

16        (a)    The terms of this Stipulation and Order are applicable to information

17   produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information

18   produced by Non-Parties in connection with this litigation is protected by the remedies and relief

19   provided by this Stipulation and Order. Nothing in these provisions should be construed as

20   prohibiting a Non-Party from seeking additional protections.

21        (b)    In the event that a Party is required, by a valid discovery request, to produce a

22   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

23   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

24        (1)    promptly notify in writing the Requesting Party and the Non-Party that some

25       or all of the information requested is subject to a confidentiality agreement with    a Non-

26       Party;(2)    promptly provide the Non-Party with a copy of the Stipulation and Order in

27       this litigation, the relevant discovery request(s), and a reasonably specific description of the

28       information requested; and

1    (3)    make the information requested available for inspection by the Non-Party.

2    (c)    If the Non-Party fails to object or seek a protective order from this court within 14

3 days of receiving the notice and accompanying information, the Receiving Party may produce the

4 Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

5 seeks a protective order, the Receiving Party shall not produce any information in its possession or

6 control that is subject to the confidentiality agreement with the Non-Party before a determination by

7 the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

8 seeking protection in this court of its Protected Material.

9    11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10    11.1.    Unauthorized Disclosure of Protected Material.

11    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12 Material to any person or in any circumstance not authorized under this Stipulation and Order, the

13 Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

14 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

15 person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

16 (d) request such person or persons consent to be bound by the Stipulation and Order.

17    11.2.    Inadvertent Production of Privileged or Otherwise Protected Material.

18    When a Producing Party gives notice to Receiving Parties that certain inadvertently

19 produced material is subject to a claim of privilege or other protection, the obligations of the

20 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

21 is not intended to modify whatever procedure may be established in an e-discovery order that

22 provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)

23 and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

24 information covered by the attorney-client privilege or work product protection, the parties may

25 incorporate their agreement in the stipulated protective order submitted to the court.

26

27 [1]    The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its

28 confidentiality interests in this court.

12.    PUBLICATION OF PROTECTED MATERIAL

        12.1.    Filing of Protected Material.

Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Eastern District Local Rule 141 and/or 141.1, to the extent applicable.

        12.2.    Public Dissemination of Protected Material.

A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically delineated and authorized by this Stipulation and Order (see section 8, *supra*); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section12.1 regarding filings with the court in this action and under seal).

13.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action -- defined as the dismissal or entry of judgment by the above named court, or if an appeal is filed, the disposition of the appeal -- upon written request by the Producing Party, each Receiving Party must return all Protected Material to the Producing Party – whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors, or any non-party to whom the Receiving Party produced or shared such records or information.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected Material is stored or retained.

In the alternative, at the discretion of the Receiving Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it – unless such Protected Material is an original, in which case, the Receiving Party must obtain the Producing Party's written consent before destroying such original Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not

the same person or entity, to the Designating Party) within thirty (30) days of the aforementioned

written request by the Designating Party that specifically identifies (by category, where appropriate)

all the Protected Material that was returned or destroyed and that affirms that the Receiving Party

has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

capturing any of the Protected material (in any medium, including but not limited to any hardcopy,

electronic or digital copy, or otherwise).  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda filed with the

court in this action, as well as any correspondence or attorney work product prepared by Counsel

for the Receiving Party, even if such materials contain Protected Material; however, any such

archival copies that contain or constitute Protected Material remain subject to this Protective Order

as set forth in Section 5 (DURATION), above.  This court shall retain jurisdiction in the event that a

Designating Party elects to seek court sanctions for violation of this section.

14.    MISCELLANEOUS

      14.1    Right to Further Relief.  Nothing in this Stipulation and Order abridges the

right of any person to seek its modification by the Court in the future.

      14.2    Right to Assert Other Objections.  By stipulating to the entry of this

Protective Order no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulation and Order.

Similarly, no Party waives any right to object on any ground to use in evidence any of the material

covered by this Protective Order.

      14.3    This Stipulation may be signed in counterpart and a facsimile or electronic

signature shall be as valid as an original signature.

      **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

Dated:  June 19, 2013                                **HADDAD & SHERWIN**

                      /s/ Michael J. Haddad
                      _____

                      MICHAEL J. HADDAD
                      Attorneys for Plaintiffs

Dated:   June 19, 2013                               **MANNING & KASS,**
                      **ELLROD, RAMIREZ, TRESTER, LLP**

1

2

/s/ Tony M. Sain

MILDRED K. O'LINN

3

TONY M. SAIN
Attorneys for Defendants

4

5

IT IS SO ORDERED.

6

7

Dated:    **June 25, 2013**                           **/s/ Sheila K. Oberto**

UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:11-CV-01547-LJO-SKO:  STIPULATION AND ORDER RE: CONFIDENTIAL DOCUMENTS