1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| JAIME REYES JR., Deceased, THROUGH HIS SUCCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, and DOES 1 through 10, Jointly and Severally, <br><br> Defendants | **Case No.:** 1:13-CV-00418-LJO-SKO <br> [*Hon. Lawrence J. O'Neill, District Judge; Hon. Sheila K. Oberto, Magistrate Judge*] <br><br> **STIPULATION OF THE PARTIES AND JOINT REQUEST FOR ORDER FURTHER CONTINUING AND RESETTING CASE MANAGEMENT DATES AND DEADLINES RE DISCOVERY ONLY; ORDER THEREON** <br><br><br> Complaint Filed:   03/21/2013 <br> Trial Date:          03/24/2015 |

12
13
14
15
16
17
18
19
20
21
22
23

24   The parties – Plaintiffs JAIME REYES, JR., through his successors in interest

25   MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, individually; and

26   JAIME REYES SR., individually (collectively hereafter as "Plaintiffs") and defendants

27   CITY OF FRESNO, POLICE CHIEF JERRY DYER, OFFICER JUAN AVILA, AND

28   OFFICER MIGUEL ALVAREZ (collectively hereafter as "Defendants") – by and

through their respective attorneys of record, hereby stipulate for the purpose of jointly requesting that the honorable Court enter an Order continuing, resetting, and modifying the pending case management dates and deadlines in this matter (and pursuant toFederal Rules of Civil Procedure 16, 26, and 40, as well as, to the extent applicable, United States District Court, Eastern District of California Local Rule 143, 144, 240, and 281-285) as follows:

<u>**GOOD CAUSE STATEMENT.**</u>

1.      The parties hereby jointly request a minor extension of the time to complete certain discovery in order to accommodate various calendar conflicts: no other scheduling modifiications are sought herein.

2.      On June 28, 2013, largely consistent with the parties' requests as made in their joint Rule 26(f) report [Dkt. Doc. 20 at 17-18], the honorable Court issued a Scheduling Order setting key case management dates and deadlines in this matter, including a trial date  [Dkt. Doc. 28].  Subsequently, the Court unilaterally continued the trial date to the current October 7, 2014 date due to the Court's calendar conflicts [Dkt. Doc. 31].  Thereafter, on October 16, 2013, at the stipulation and joint request of the parties, the Court continued the deadline for naming doe defendants [Dkt. Doc. 30]. Subsequently, on December 18, 2013, in order to accommodate unanticipated delays in discovery-document production responsive to extensive discovery requests, at the stipulation and joint request of the parties, the Court further continued the deadline for naming doe defendants to the operative February 17, 2014 deadline and, for the first time, continued the deadlines for completion of non-expert discovery and expert disclosures and rebuttal expert disclosures (to the current March 14 and 28, 2014 deadlines, respectively) [*see* Dkt. Doc. 42].  Subsequently, on January 23, 2014, at the stipulation and joint request of the parties, the Court further continued the doe amendment, discovery, expert disclosure/discovery, motion filing, pre-trial, and trial dates.  [Dkt. Doc. 44.]

2

3.      The parties have been working diligently to complete discovery in this matter, including: production and exchange of approximately 2,500 pages of documents, audio and video recordings, and other written discovery responses; and scheduling of depositions of parties and involved officers and attempting to locate and serve potential percipient witnesses.  After diligent and extensive conference of counsel, the parties had arranged for the depositions of defendants Officers Avila and Alvarez, along with 4 depositions of non-defendant Fresno Police Department officers and 3 depositions of non-party civilian witnesses, to be taken by Plaintiffs on dates well in advance of the operative non-expert discovery cut-off.  Similarly, the parties had arranged for the depositions of Plaintiffs Jaime Reyes Sr. and Mirella Reyes, along with 2 depositions of non-party civilian witnesses, to be taken by Defendants on dates well in advance of the operative non-expert discovery cut-off.

4.      However, two unexpected developments arose which have placed the parties' ability to timely complete discovery and related litigation preparation beyond reasonable expectation.

5.      First, defendant Officer Juan Avila has been unexpectedly placed on medical leave from work.  According to the Fresno police reports, Defendant Officer Avila was the only officer to fire his gun in this incident, rendering him an indispensible party to any investigation and discovery into this incident.  Defendants' counsel are informed and believe that, as a result of his current medical condition, defendant Officer Avila is not permitted to participate in the preparation of his defense in this matter, nor is he available for a deposition or other proceedings at this time.  At present, the expected duration of this medical leave of absence is undetermined. Defendants' counsel are attempting to obtain additional information with regard to the projected duration of the leave of absence and, at this time, defense counsel are informed and believe that Officer Avila's unavailability is estimated to last for at least an additional 60-90 days.  Plaintiffs and their counsel have no knowledge to permit them to concede/confirm or dispute/contest the contentions of this paragraph, and

Plaintiffs do **not** stipulate that such contentions are factually accurate: however, Plaintiffs stipulate that, to the extent that such defendant is unavailable due to medical leave, such unavailability would constitute good cause for modification of the operative case management scheduling order; Plaintiffs contend that as the shooter in this incident, Defendant Avila's participation in discovery and in a deposition is critical to the preparation of Plaintiff's entire case, and Plaintiffs stipulate that there is good cause for the continuance sought herein.

6.      Second, Plaintiffs' lead counsel in this matter is now set to try other casesanother case in federal court before a judge on dates that conflict with the operative case management schedule, so as to place the timely completion of discovery and related litigation under the current-operative dates and deadlines beyond reasonable expectation.  Plaintiffs' counsel's immediate conflicting trial dates in other matters are now as follows: *Hesterberg v. United States*, U.S.D.C. N.D. Cal No. C-13-1265 JSC (FTCA Case scheduled for bench trial on **August 11, 2014**, and expected to last 3-4 days).  Defendants and their counsel have no knowledge to permit them to concede/confirm or dispute/contest the contentions of this paragraph, and Defendants do **not** stipulate that such contentions are factually accurate: however, Defendants stipulate that, to the extent that such opposing counsel is unavailable due to unanticipated trial calendar conflicts, such unavailability would constitute good cause for modification of the operative case management scheduling order, and Defendants stipulate that there is good cause for the continuance at issue here.

7.      Third, Defendants' lead counsel in this matter is now set to try other cases in court before a jury on dates that conflict with the operative case management schedule, so as to place the timely completion of discovery and related litigation under the current-operative dates and deadlines beyond reasonable expectation.  Defendants' counsel's immediate conflicting trial dates in other matters are now as follows: *Serrano v. City of Colton*, U.S.D.C. C.D. Cal. No. 5:13-CV-00519 JAK-JEM (scheduled for 10 day jury trial beginning on **August 5, 2014** – with anticipated pre-

4

trial preparation in the weeks prior); *Robbins v. County of Los Angeles*, L.A.S.C. No. BC478353 (scheduled for 15 day jury trial beginning on **August 18, 2014** – with anticipated trailing of the trial date); and *Taylor v. City of Colton*, U.S.D.C. C.D. Cal. No. EDCV13-01330 PSG-AJW (scheduled for 10 day jury trial beginning on **September 30, 2014** – with anticipated pre-trial preparation in the weeks prior). Plaintiffs and their counsel have no knowledge to permit them to concede/confirm or dispute/contest the contentions of this paragraph, and Plaintiffs do **not** stipulate that such contentions are factually accurate: however, Plaintiffs stipulate that, to the extent that such opposing counsel is unavailable due to unanticipated trial calendar conflicts, such unavailability would constitute good cause for modification of the operative case management scheduling order, and Plaintiffs stipulate that there is good cause for the continuance at issue here.

8.      In light of these unexpected developments, the parties jointly contend that the parties are unable to complete non-expert discovery under the current circumstances, which would in turn render the parties unable to complete related expert disclosures and discovery, under the current-operative case management scheduling order dates and deadlines.

9.      Therefore, in light of the foregoing, by and through their attorneys of record in this action, the parties hereby Stipulate that Good Cause exists for the honorable Court to issue an Order modifying the operative scheduling order(s) in this case, and the related case management dates and deadlines – so as to effectively extend the time for discovery by about 6 weeks.

**STIPULATION FOR CONTINUANCE AND SCHEDULING MODIFICATION.**

10.      Accordingly, in light of the foregoing Good Cause, the parties hereby stipulate to and jointly request that the Court issue an Order modifying the operative scheduling order(s) in this case, and the related case management dates and deadlines, along the following lines and/or in a manner comparable to the following proposed amended schedule:

| *Case Management Event:* | *Prior-Operative Date-Deadline:* | *NEW Date-Deadline:* |
|---|---|---|
| Non-Expert Discovery Cut-Off (Last Day to Complete Non-Expert Discovery) | August 1, 2014 [Dkt. Doc. 44] | **September 23, 2014** |
| Expert Disclosures Due | August 8, 2014 [Dkt. Doc. 44] | **September 23, 2014** |
| Rebuttal-Supplemental Expert Disclosures Due | August 22, 2014 [Dkt. Doc. 42] | **October 7, 2014** |

11.     All other dates and deadlines operative as of the Court's scheduling order of January 23, 2014 [Dkt. Doc. 44] would remain unchanged and unaffected by the parties' Stipulation or any associated Order made pursuant thereto.

12.     Nothing in this Stipulation or any associated Order shall be construed as vacating, rescinding, amending, or modifying (in whole or in part) the Court's operative protective order re confidential documents [Dkt. Doc. 27].

///

///

///

13.     This Stipulation may be signed in counterpart and a facsimile or electronic signature shall be as valid as an original signature.

**IT IS SO STIPULATED.**

Dated: June 17, 2014

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  _/s/ Tony M. Sain_____
     Mildred K. O'Linn, Esq.
     Tony M. Sain, Esq.
Attorneys for Defendants,
CITY OF FRESNO, POLICE CHIEF JERRY
DYER, OFFICER JUAN AVILA, AND
OFFICER MIGUEL ALVAREZ

Dated:  June 17, 2014

**HADDAD & SHERWIN**

By:  _/s/ Michael Haddad_____
     Michael Haddad, Esq.
     Genevieve Guertin, Esq.
Attorneys for Plaintiffs,
JAIME REYES JR., Deceased, through his
successors in interest MIRELLA REYES and
JAIME REYES SR.; AND MIRELLA REYES
and JAIME REYES SR., Individually

## <u>ORDER FOR MODIFICATION OF SCHEDULING ORDER</u>

PURSUANT TO THE STIPULATION OF THE PARTIES, after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other oral and documentary evidence or argument as was presented to the Court, pursuant to the Court's inherent and statutory powers, including not limited to the applicable provisions of the Federal Rules of Civil Procedure, and all applicable federal laws and Local Rules of the U.S. District Court, Eastern District of California; Good Cause appearing therefor, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

1.     The Court hereby orders that the Court's scheduling orders of June 28, 2013 [Dkt. Doc. 28], October 16, 2013 [Dkt. Doc. 30], December 19, 2013 [Dkt. Doc. 42], and January 23, 2014 [Dkt. Doc. 44], and, to the extent applicable, the Court's Standing Order [Dkt. Doc. 5-1] and/or all prior scheduling orders issued in this action, are hereby **modified, continued, and reset** to the following case management schedule:

| *Case Management Event:* | *Prior-Operative Date-Deadline:* | *NEW Date-Deadline:* |
|---|---|---|
| Non-Expert Discovery Cut-Off (Last Day to Complete Non-Expert Discovery) | August 1, 2014 [Dkt. Doc. 44] | **September 23, 2014** |
| Expert Disclosures Due | August 8, 2014 [Dkt. Doc. 44] | **September 23, 2014** |
| Rebuttal-Supplemental Expert Disclosures Due | August 22, 2014 [Dkt. Doc. 42] | **October 7, 2014** |

2.     Nothing in this Order shall be construed as modifying, amending, vacating, or rescinding any other dates or case management deadlines in this matter – except as specifically set forth herein above – and the dates and deadlines for pleading amendment, motions, expert discovery completion, pre-trial conferences, and Trial as set in the Court's Order of January 23, 2014 [Dkt. Doc. 44] shall remain operative and in full force and effect. However, nothing in this Order shall be construed as any guarantee by the Court that this matter will begin trial on the currently operative trial

date, and the Court's standing orders regarding trial dates and trailing remain in effect [*see, e.g*., Dkt. Doc. 28 at 2-3].

3. Nothing in this Order shall be construed as vacating, rescinding, amending, or modifying (in whole or in part) the Court's operative protective order re confidential documents [Dkt. Doc. 27].

IT IS SO ORDERED.

Dated: __**June 18, 2014**__          _____**/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE