UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES JR. Deceased, THROUGH HIS SUCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually,<br><br>         Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, and DOES 1 through 10, Jointly and Severally,<br><br>         Defendants. | Case No. 1:13-CV-00418-LJO-SKO<br><br>**ORDER DENYING STIPULATED REQUEST TO MODIFY THE SCHEDULE** |

On August 12, 2014, the parties filed a stipulated request that the schedule be modified due to the recent substitution of Bruce Praet, Esq., as counsel for Defendants City of Fresno, Police Chief Jerry Dyer, and Officer Miguel Alvarez. The parties also note that Defendant Avila's disability status remains unknown and unresolved. Mr. Praet indicates he requires additional time to familiarize himself with the case, and he has conflicts with the currently set trial date.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a case management "[s]chedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s good cause standard

1

1  primarily considers the diligence of the party seeking amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

The parties have not established good cause to modify the schedule.  A party's substitution of new counsel does not constitute good cause for a schedule modification, particularly a modification to the pretrial and trial dates.  *See Tapia v. Woods*, No. 1:13-cv-05422-LJO-SMS, 2007 WL 3047106, at * 2 (E.D. Cal. Oct. 17, 2007).  Additionally, the parties offer no explanation regarding Defendant Avila's continued unavailability due to unexplained medical issues.  The schedule in this matter has already been modified to accommodate Defendant Avila's unavailability, and the parties provide no update as to his condition.  It is unclear why a two-month schedule modification would address this issue – especially in light of the fact that the parties represent that Defendant Avila's deposition, along with several others, will be taken prior to October 31, 2014.  As such, the parties have not met their burden to show good cause for a modification of nearly all scheduling deadlines, including the pretrial conference and trial dates.

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated request to modify the schedule is DENIED.

IT IS SO ORDERED.

Dated:   **August 15, 2014**                          **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

2