1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE REYES JR., through his successors in interest MIRELLA REYES and JAIME REYES, SR.,  et al., | Case No.  1:13-cv-418-LJO-SKO |
| Plaintiffs, | **ORDER REQUIRING PRODUCTION OF DISCOVERY BY CITY DEFENDANTS;** |
| v. | **ORDER HOLDING PLAINTIFFS' RULE 35 MOTION IN ABBEYANCE PENDING FURTHER DISCOVERY AND RESOLUTION OF PENDING DISCOVERY DISPUTES** |
| CITY OF FRESNO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs have filed a motion to compel an independent medical examination of Defendant Avila pursuant to Federal Rule of Civil Procedure 35.  (Doc. 64 (sealed).)  Defendants City of Fresno, Chief Jerry Dyer, and Officer Miguel Alvarez ("City Defendants") and Defendant Officer Avila ("Avila") have filed briefs in opposition to Plaintiffs' motion.  Plaintiffs have filed a reply brief to each opposition brief.  A hearing was held on Plaintiffs' Rule 35 motion on November 19, 2014.  Julia Sherwin, Esq., appeared on behalf of Plaintiffs; Bruce Praet, Esq., appeared on behalf of the City Defendants; Kevin Osterberg, Esq., appeared on behalf of Avila.

Due to outstanding discovery issues that must be resolved before the Rule 35 motion can be reached, the Court holds Plaintiffs' motion in abeyance at this time.  The City Defendants shall produce to Plaintiffs the following categories of documents in their possession **by no later than January 9, 2015**:

1.   Internal affairs documents pertaining to complaints and discipline records of Officer Avila.  To the extent there is an applicable privilege asserted with regard to any documents, an updated privilege log will be produced;[1]

2.   Documents such as fitness for duty examinations and psychological evaluations of Officer Avila that are in the City Defendants' possession pertaining to **prior shootings** in which Officer Avila was involved – including the June 2012 shooting which is the subject of this suit.  This document production shall **not include** documents regarding **any shooting subsequent to June 2012** in which Officer Avila was involved;[2] and

3.   Disability records or claims of Officer Avila in the possession of the City – including the June 2012 shooting which is the subject of this suit.  This document production shall **not include** documents regarding **any shooting subsequent to June 2012** in which Officer Avila was involved.

To the extent necessary, the City Defendants may submit documents for in-camera review to determine whether production is required.

Plaintiffs' counsel shall review documents produced by the City Defendants **by no later than January 16, 2015.**  The parties are to meet and confer regarding any outstanding issues pertaining to this document production.  The parties shall file a status report **by no later than January 30, 2015**, setting forth the current posture of the production of these documents and the parties' positions with respect to any remaining dispute.  If the parties determine the status report should be filed under seal, they may do so by following the procedures set forth in the Court's order of September 16, 2014.  (Doc. 63.)

As noted at the hearing, resolution of the discovery issues in this case must be managed in stages, particularly because of the unresolved patient-therapist privilege and competency issues

---

[1] Ms. Sherwin agreed to provide Mr. Praet with a copy of a privilege log that was previously provided to Plaintiffs by former counsel for Defendants; Plaintiffs claim the existing privilege log is insufficient and must be supplemented.

[2] The Court will address production of documents related to any shooting subsequent to June 2012 in which Officer Avila was involved after this initial production has been made.

that have arisen.  Therefore, the scheduling deadlines have been vacated and discovery will proceed in stages, the first of which is outlined above.

When production of the foregoing documents by City Defendants has been made, the Court will next consider the following issues:[3]

- Whether City Defendants are required to produce documents related to a post-June 2012 shooting in which Officer Avila was involved.

- Whether Officer Avila's personal medical records not provided to the City must be produced to Plaintiffs.  It is Defendant Avila's burden to assert and establish a privilege with regard to his medical records and the August 2014 declarations submitted to the Court (but not filed) and served on all parties.  The burden then shifts to Plaintiffs to establish that Defendant Avila waived any applicable privilege as it pertains to medical records not provided to the City.

- Whether Defendant Avila's competency to waive any applicable privilege is at issue.  If there is a question about Defendant Avila's competency to waive an applicable patient-therapist privilege, an independent medical evaluation of Defendant Avila's *current* competency may be necessary.

- Whether Defendant Avila's *past* competency and mental condition have been put into issue such that a retrospective independent medical examination is warranted.

When these issues are resolved, the document production necessary prior to the deposition of Officer Avila will likely be complete, and his deposition can be set with any appropriate scope limitations.  The Court will then be able to take up the question of whether Dr. Price-Sharps may be deposed and any other remaining discovery issues.

Accordingly, IT IS HEREBY ORDERED that:

1.   **By no later than January 9, 2015,** City Defendants shall produce to Plaintiffs the categories of documents listed above, subject to the assertions of privilege and the

---

[3] This list is not meant to be exhaustive of **all** relevant issues, but is intended to place before the parties an outline of several areas that appear necessary to resolve prior to setting the deposition of Defendant Avila or ordering an IME pursuant to Rule 35.

production of a privilege log  as well as any in-camera review of documents City

Defendants deem necessary;

2.    **By no later than January 16, 2015,** Plaintiffs shall review City Defendants'

production of documents;

3.    **By no later than January 30, 2015,** the parties are to meet and confer and file a

status report regarding the production of documents and disputes thereto; and

4.    The Court will set a further hearing or status conference once the parties' status

report has been filed and reviewed.

IT IS SO ORDERED.

Dated:   **November 20, 2014**                          **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE