# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES, JR., Deceased, THROUGH HIS SUCCESSORS IN INTEREST MIRELLA REYES and JAIME REYES, SR.; MIRELLA REYES, Individually; and JAIME REYES, SR., Individually,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, a public entity; CITY OF FRESNO POLICE CHIEF JERRY DYER, in his individual and official capacities, JUAN AVILA, and MIGUEL ALVAREZ,<br><br>Defendants._____/ | Case No. 1:13-cv-00418-LJO-SKO<br><br>**ORDER re FURTHER PRODUCTION OF POST-INCIDENT EVIDENCE** |

## I. INTRODUCTION

Pursuant to the Court's sealed October 23, 2015, order, the parties were to submit a status report on their remaining discovery dispute as to post-incident (after June 2012) evidence of any other officer-involved-shooting ("OIS") in which Defendant Avila was involved. The parties submitted a joint report on November 6, 2015. Both parties then submitted separate reports regarding a dispute over Dr. Price-Sharps' 2012 evaluation of Avila for fitness-for-duty purposes.

For the reasons set forth below, Dr. Price-Sharps' 2012 OIS evaluation notes are privileged and, in any event, are not relevant. These records are not subject to production.[1]

## II.   DISCUSSION

**A.   Dr. Price-Sharps' 2012 OIS Evaluation Notes Are Not Discoverable**

The Court noted the following in its October 23, 2015 order:

> There is still a remaining document production issue regarding post-incident – i.e., after June 2012 – evidence.  This includes the OIS Dr. Price-Sharps conducted in 2012.  A status conference will be set after the parties file a joint statement so that a ruling can be issued.  If production is warranted, there should be sufficient time for that production to occur before the deposition of Dr. Price-Sharps.

(Doc. 103, 22:19 n.5.)

The parties' joint report states that Avila's post-incident records maintained by the City of Fresno, including internal affairs files, would be produced. As to this evidence, the parties indicate they do not anticipate the need for any further order from the Court.

The parties disagree, however, as to the discoverability of Dr. Price-Sharps' session notes taken during the OIS evaluation in 2012. Plaintiffs maintain Dr. Price-Sharps' 2012 OIS evaluation notes are discoverable and relevant. Defendants argue the Court's October 23, 2015, order made it clear that these evaluation notes are not relevant. The footnote in the Court's October 23, 2015, order was intended to indicate that all post-incident evidence would be considered together after any further necessary briefing. Dr. Price-Sharps' 2012 OIS evaluation was specifically identified to assure the parties it had not been overlooked during the Court's in-camera review of Dr. Price-Sharps' records and would be addressed. As the parties have resolved the bulk of their dispute over post-incident evidence, there is no further need for briefing on the remaining matter of Dr. Price-Sharps' 2012 OIS evaluation of Avila.

Dr. Price-Sharps' underlying October 2012 OIS evaluation notes, which she did **not** release to the City of Fresno, are confidential and are subject to privilege. The distinction between the 2012 OIS evaluation notes and those in 2007 and 2010 that the Court ordered Avila to produce to

---

[1] The facts of this dispute were set forth at length in the Court's sealed October 23, 2015, order and the parties are extremely familiar with the underlying circumstances of their dispute; as such, the factual and procedural history of this dispute will not be re-stated here.

Plaintiffs is based on the application of the psychotherapist-patient privilege and relevance. The psychotherapist-patient privilege that applied to the 2007 and 2010 underlying OIS evaluation notes was waived through disclosure of some of those communications in Dr. Price-Sharps' August 2014 declaration. Moreover, those OIS evaluations pre-dated the Reyes shooting – the subject of this litigation – and may be potentially relevant to the punitive damage issue.

The analysis of Dr. Price-Sharps' 2012 OIS evaluation notes differs, however. In her August 2014 declaration, Dr. Price-Sharps did not reveal communications made by Avila during the October 2012 OIS evaluation. Therefore, although her recommendation as to Avila's fitness for duty was disclosed to the City of Fresno, the notes she took during the OIS evaluation session were not disclosed and were intended to be confidential. Thus, Dr. Price-Sharps' October 2012 OIS evaluation notes are privileged, and the privilege was not waived. Moreover, even if the documents were not subject to the psychiatrist-patient privilege, they are not relevant to Plaintiffs' claims. The 2012 OIS evaluation notes contain only reference to Avila's contemporaneous symptoms, and do not record symptoms prior to the date of the evaluation. Avila's mental status in October 2012 is not relevant to Plaintiffs' theory that Avila may have been reckless in failing to report the severity of his condition to his employer prior to June 2012. As these notes were not disclosed to the City, they are also irrelevant to Plaintiffs' *Monell* claim. In sum, Dr. Price-Sharps' underlying notes in October 2012 are privileged and, in any event, not relevant.

As to any OIS evaluation of Avila in June 2012 regarding the shooting of Jaime Reyes, Dr. Price-Sharps did not conduct that evaluation. If another licensed psychologist conducted that evaluation and took evaluation notes which were (1) not revealed to any third party and (2) understood by Avila to be confidential, those notes are privileged. *See, e.g., Kamper v. Gray*, 182 F.R.D. 597, 599 (E.D. Mo. 1998); *Barrett v. Vojtas*, 182 F.R.D. 177, 179 (W.D. Pa. 1998). An ultimate fitness-for-duty evaluation made by that psychologist and disclosed to the City of Fresno, however, is not privileged.

In sum, at Avila's request, Dr. Price-Sharps revealed communications made to her by Avila during OIS evaluations in 2007 and 2010, and the privilege was waived. For that reason, her treatment notes from those evaluations have been produced to Plaintiffs, and she may be

3

questioned about those evaluations during her deposition.  Dr. Price-Sharps did not reveal any communications made by Avila during the October 2012 OIS evaluation, and her testimony supports that those evaluation notes were meant to be kept confidential and were not disclosed to the City of Fresno.  As such, those records remain privileged, and having reviewed those notes, the Court finds they are not relevant.

**B.     A Status Conference to Reset Litigation Schedule is Set for December 10, 2015**

A telephonic status conference shall be held on December 10, 2015, at 2:00 p.m. so that a new litigation schedule pursuant to Federal Rule of Civil Procedure 16, including a new trial date, can be selected.  The parties shall meet and confer regarding a new litigation schedule and propose deadlines for the following events:  non-expert discovery, expert disclosure, rebuttal expert disclosure, expert discovery, non-dispositive motion filing and hearing, dispositive motion filing and hearing, Pre-Trial Conference, and Trial.  The parties shall also discuss whether they wish to set a settlement conference before another U.S. Magistrate Judge.  An outline of the proposed deadlines shall be **filed** jointly by the parties by no later than December 3, 2015.

### III.    CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. No further production of Dr. Price-Sharps' notes is warranted;
2. A status conference to reset case deadlines shall be held on December 10, 2015, at 2:00 p.m.;
3. A joint report proposing new litigation deadlines shall be filed by no later than December 3, 2015; and
4. Telephonic appearances for the status conference are APPROVED and ENCOURAGED.  All parties wishing to appear telephonically shall coordinate one conference call to the Court at the date and time for the conference at (559) 499-5790.

IT IS SO ORDERED.

Dated:   **November 24, 2015**              **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE