**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME REYES JR. Deceased, THROUGH HIS SUCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, JUAN AVILA, MIGUEL ALVAREZ, and DOES 3 through 10,<br><br>Defendants. | Case No. 1:13-CV-00418-DAD-SKO<br><br>**ORDER DENYING STIPULATED REQUEST TO ENLARGE DISCOVERY DATES**<br><br>(Doc. 122) |

**ORDER**

**A.** <u>**Background and Parties' Stipulation**</u>

On August 10, 2016, the parties filed a stipulated request to:

(1) set a deadline of August 22, 2016, by which Defendants City of Fresno ("City"), Fresno Police Chief Jerry Dyer ("Chief Dyer"), Juan Avila ("Avila"), Miguel Alvarez ("Alvarez") (collectively "Defendants"), and all parties of interest, including Attorney Larry Murray and Dr. Jana Price-Sharps to file any response to

1

Plaintiffs Jaime Reyes, Sr.'s and Mirella Reyes's (collectively "Plaintiffs) informal discovery dispute letters submitted to the Court on July 21 and 22, 2016, respectively;

(2) extend the deadline for non-expert discovery to September 30, 2016, for the purposes of completing the remainder of the deposition of Defendant Avila, Fresno police officers Eden Cerda and Daniel Vandersluis, and the depositions of Plaintiffs;

(3) set a deadline of August 22, 2016, for the parties to submit to the Court their dispute regarding whether Plaintiffs are entitled to enlarge the deposition time of Defendant Avila set forth in Fed. R. Civ. P. 30(d)(1) by two (2) hours and (9) nine minutes; and

(4) extend the deadline for initial expert disclosures from September 9 to October 14, 2016; the deadline for rebuttal expert disclosures from September 23 to October 28, 2016; the deadline for expert discovery from October 7 to December 2, 2016, "[i]n order to permit expert witnesses to consider remaining discovery." (Doc. 122.)

**B.     Telephonic Conference**

On August 18, 2016, the Court held a telephonic status conference to discuss the parties' stipulation. Julia Sherwin, Esq., appeared on behalf of Plaintiffs; Kevin Osterberg, Esq., appeared on behalf of Defendant Avila; and Bruce Praet, Esq., appeared on behalf of all remaining Defendants.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a case management "[s]chedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

The Court notes at the outset that, by Order entered February 22, 2016 (Doc. 115), it already extended the deadlines at issue by three months. Granting the parties' additional request

2

1  for extension of these deadlines now would necessarily require re-setting the pretrial conference
2  and trial dates -- which the Court will not do absent a showing of good cause under Rule 16(b)(4).
3       The parties have not established good cause to modify the schedule.  They offer no
4  explanation why they have not yet taken the depositions of Plaintiffs and Officers Cerda and
5  Vandersluis, instead waiting until sixteen (16) days before the close of non-expert discovery to
6  seek an enlargement of time to take those depositions.  Nor do the parties identify what
7  "remaining discovery" their expert witnesses need to consider that justifies an extension of the
8  expert disclosure and discovery deadlines.  Presumably, the parties are referring to the additional
9  testimony of Defendant Avila, as well as the subjects of Plaintiffs' informal discovery dispute
10 letters, but these issues could and should have been brought before the Court sooner.

**C.**     **Order**

     IT IS HEREBY ORDERED that the parties' stipulated request to enlarge discovery dates is DENIED.

     With respect to Plaintiffs' request for additional time for Defendant Avila's deposition, should the parties be unable to agree after meaningfully meeting and conferring and seek Court involvement, the Court SHALL consider an enlargement of the August 26, 2016, non-expert discovery deadline for the limited purpose of determining whether GOOD CAUSE exists to permit additional deposition time of Defendant Avila beyond the remaining 51 minutes.

     Regarding the Plaintiffs' informal discovery dispute letters of July 21 and 22, 2016, respectively, the Court finds that Plaintiffs' July 21, 2016 letter does not concern a "discovery" dispute subject to resolution through the Court's informal discovery dispute process.  Therefore, should Plaintiffs wish to pursue this request, they SHALL do so by formal motion **filed by October 11, 2016, so that the motion may be heard by the deadline of November 22, 2016**.

     Finally, Plaintiffs' July 22, 2016, letter is a renewed request that the Court order production of Defendant Avila's disability records.  According to Plaintiffs, the Court denied Plaintiffs' original request, finding that that Plaintiffs were not entitled to discovery of the records "prior to his deposition, but that it was possible his testimony may open the door to discovery" of

3

the records.  (Plts.' July 22, 2016, Disc. Dispute Letter, p. 1.)  The Court notes that Defendant Avila's deposition occurred April 25, 2016, yet Plaintiffs did not renew their request for production of the disability records based on this deposition testimony until July 22, 2016 -- three months later and only about one month before the expiration of the non-expert discovery deadline.[1]  In ruling on whether Plaintiffs are entitled to the production of Defendant Avila's disability records beyond the close of non-expert discovery, the Court SHALL consider the facts and circumstances of the case, including but not limited to whether the three-month delay in bringing the issue before the Court constitutes GOOD CAUSE.

IT IS SO ORDERED.

Dated:    **August 22, 2016**                              /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The delay was compounded by defense counsel's vacation, which Plaintiffs accommodated and agreed to extend by thirty (30) days the deadline to respond to the July 22, 2016, discovery dispute letter.