1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| JAIME REYES JR. Deceased, THROUGH HIS SUCESSORS IN INTEREST MIRELLA REYES and JAIME REYES SR.; MIRELLA REYES, Individually; and JAIME REYES SR., Individually, | Case No. 1:13-CV-00418-DAD-SKO |
| Plaintiffs, | **ORDER TO PROVIDE DOCUMENTS *IN CAMERA* AND FOR ADDITIONAL BRIEFING** |
| vs. | (Doc. 129) |
| CITY OF FRESNO, a public entity, CITY OF FRESNO POLICE CHIEF JERRY DYER in his individual and official capacities, JUAN AVILA, MIGUEL ALVAREZ, and DOES 3 through 10, | |
| Defendants. | |

20

21

22

23

24

25

26

27

28

Pending before the Court is Plaintiffs' Notice of Motion and Motion to Compel Production of Defendant Juan Avila's Disability and Retirement Documents (the "Motion"). (Doc. 129.)

In their briefing associated with the Motion, Plaintiffs request Defendant Avila's "PORAC Long-Term Disability Application Documents" (the "PORAC Documents") and "City of Fresno Fire and Police Retirement Board Disability Retirement Documents" (the "City Retirement Documents"). (Doc. 158 at 2.) Defendants contend, in pertinent part, that the City Retirement

1

1    Documents are both privileged and irrelevant.  (*See id.* at 26–32.)  However, the City Retirement

2    Documents are not in the record for this case.  Absent an *in camera* review of the City Retirement

3    Documents, the Court cannot determine whether any portion of these documents are privileged or

4    relevant.  Accordingly, the Court ORDERS Defendants to provide the City Retirement Documents

5    directly to the Court for *in camera* review no later than Wednesday, November 2, 2016.[1]

6           In addition, while Defendant Avila asserts that the PORAC Documents and the City

7    Retirement Documents are privileged, he fails to specify which statements in these documents are

8    privileged.  (*See, e.g.*, *id.* at 27–32.)  An itemized assertion of privilege–i.*e.*, an assertion of

9    privileged as to each purportedly privileged statement–may be necessary for the Court to

10   determine whether any statements in these documents are privileged.  Further briefing from the

11   parties is also warranted regarding whether the disclosure of information in the PORAC

12   Documents and the City Retirement Documents by Defendant Avila and Dr. Price-Sharps–at

13   Defendant Avila's request–constituted a waiver of the psychotherapist-patient privilege as to that

14   information. *Compare Dorato v. Smith*, 163 F. Supp. 3d 837, 888 (D.N.M. Dec. 11, 2015) (patient

15   cannot invoke the psychotherapist-patient privilege "as to communications whose confidentiality

16   he has already compromised for his own benefit" (quoting *United States v. Hudson*, Criminal

17   Action No. 13–20063–01–JWL, 2013 WL 4768084, at *4 (D. Kan. Sept. 5, 2013))); *Mukes v. City*

18   *of Milwaukee*, No. 13–cv–1268–pp, 2015 WL 3823887, at *5 (E.D. Wis. June 19, 2015) (patient

19   "waived the psychotherapist-patient privilege as to" his "mental health records" where he

20   "voluntarily submitted an application for benefits which included" those "records to a third party"

21   (quoting *Hudson*, 2013 WL 4768084, at *4)); *Barmore v. City of Rockford*, No. 09 C 50236, 2012

22   WL 386734, at *3 (N.D. Ill. Feb. 7, 2012) (noting that "[i]t is not clear that protecting the

23   confidentiality of communications in the context of an application for disability benefits rises to

24   the same level of public concern as the interests described by the Supreme Court" in *Jaffee v.*

25

26   [1] In their briefing regarding the Motion, Plaintiffs assert that Defendants "have control over" the City
     Retirement Documents.  (Doc. 158 at 26.)  Defendants do not contest that they have control over these
27   documents. Thus, absent any indication to the contrary, the Court presumes that the City Retirement
     Documents are within Defendants' possession, custody, or control.

28

*Redmond*, 518 U.S. 1 (1996) and declining to "extend the psychotherapist-patient privilege to [the defendant's] communications with psychiatrists in relation to his application for disability), *with Awalt v. Marketti*, 287 F.R.D. 409, 420 (N.D. Ill. 2012) ("A person who discloses privileged information to a third-party waives the privilege in the absence of an agreement to keep the information confidential." (citing *Dellwood Farms, Inc. v. Cargill*, 128 F.3d 1122, 1127 (7th Cir. 1997))); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412, 433 (N.D. Ill. 2006) (agreeing "with those cases finding that selective waiver may be appropriate where the disclosing party took steps to preserve its privilege," such as by "insist[ing] on a confidentiality agreement to protect the information"). *See generally In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127–28 (9th Cir. 2012) (declining to adopt the selective-waiver approach in the context of the attorney-client privilege and noting that "selective waiver does not serve the purpose of encouraging full disclosure to one's attorney in order to obtain informed legal assistance; it merely encourages voluntary disclosure to government agencies, thereby extending the privilege beyond its intended purpose"); *Louen v. Twedt*, 236 F.R.D. 502, 506 (E.D. Cal. 2006) ("The principle of limited or selective waiver . . . is not uniformly recognized, and where recognized appears to be limited to voluntary disclosure of privileged materials to a governmental agency in a separate and nonpublic investigation." (citation omitted)).

Accordingly, the Court ORDERS Defendant Avila to file a brief no later than Wednesday, November 2, 2016, addressing which specific statements in the PORAC Documents and the City Retirement Documents are allegedly privileged, as well as the basis for how the privilege for each statement was not waived by Defendant Avila.[2]

---

[2] *See, e.g.*, *I.R. v. City of Fresno*, Nos. 1:12–CV–00558–AWI–GSA, 1:13–CV–00850 AWI GSA, 2014 WL 1419305, at *3 (E.D. Cal. Apr. 11, 2014) ("[T]he party seeking to invoke the benefit of the privilege bears the burden of showing that: 1) the therapist is licensed, 2) the communications were confidential, and 3) the communications were made during the course of diagnosis or treatment." (citing *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005))).

1    Plaintiffs may file a responsive brief as to Defendant Avila's assertion of privilege for any

2 communications in the PORAC Documents and the City Retirement Documents no later than

3 November 7, 2016.[3]

4    To provide an opportunity for the parties to submit the filings discussed in this Order, the

5 hearing regarding the Motion is CONTINUED from Wednesday, November 2, 2016, to Tuesday,

6 November 22, 2016, at 3:00 p.m.

7

IT IS SO ORDERED.

8

9 Dated:   __**October 26, 2016**__                    /s/ *Sheila K. Oberto*

10                                                           UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25 [3] The Court cautions Defendant Avila that providing a statement from the PORAC Documents or the City
Retirement Documents may destroy any purported privilege associated with that statement.  The Court
26 therefore proposes that Defendant Avila only generally identify each statement at issue, such as by noting
the page and line number for the statement under discussion.

27

28

4